UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| KAHN PROPERTY OWNER, LLC | : | Case No. 25-72946 |
| | : | |
| Debtor. | : | |

**ORDER APPROVING TERMS AND CONDITIONS OF A PUBLIC AUCTION SALE OF THE DEBTOR'S REAL PROPERTY, DEVELOPMENT RIGHTS AND NON-DEBTOR ASSETS**

Upon the oral application of Kahn Property Owner, LLC (the "Debtor") on September 1, 2026 (the "Hearing"), by its counsel, LaMonica Herbst & Maniscalco, LLP, seeking the entry of an order for approval of bid procedures to, among other things, authorize and approve the Terms and Conditions ("Bid Procedures"), annexed hereto as **Exhibit A**, and for the manner of notice of such sale (the "Notice of Sale"), annexed hereto as **Exhibit B**, for the proposed sale of: (i) the real property located at 135 West Gate Drive, Huntington, New York 11743, which is comprised of approximately 22 acres of land improved by the historic Oheka Castle & Resort building, including the Debtor's Development Rights (as defined below) (collectively, the "Real Property"); (ii) all right, title and interest in and to the assets owned by Oheka Catering, Inc, which entity owns Oheka Catering I, LLC and Oheka Management, LLC (collectively referred to as the ("Non-Debtor Assets") (Oheka Catering I, LLC and Oheka Management, LLC are collectively identified as the ("Oheka Operating Entities") pursuant to 11 U.S.C. §§ 105, 363 and Rules 2002(a)(2) and 6004 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"); approving the form of notice of the Auction Sale ("Notice of Sale"); and scheduling a hearing to confirm the results of the Auction Sale; and upon the consent of the attached Bid Procedures by 135 West Gate, LLC (the "Secured Creditor") and the Office of the United States Trustee, and upon the record at the

Hearing; and after due deliberation and good cause appearing therefor, it is hereby **FOUND AND DETERMINED THAT**:

A. This Court has jurisdiction over the Bid Procedures and the relief requested by the Debtor pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of the Bid Procedures and the relief requested therein is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

B. Good and sufficient notice of the relief sought for the entry of an order approving the Bid Procedures and no further notice is required.

C. The proposed Notice of Sale is good, appropriate, adequate, and sufficient, and service on all creditors of the Debtor's estate, all filed notices of appearance, or request for notice and any other party the Debtor or its retained broker deems necessary and appropriate (collectively, the "Notice Parties") is reasonably calculated to provide all interested parties timely and proper notice of the Auction Sale.

D. The Debtor has articulated good and sufficient reasons for this Court to grant the relief requested at the Hearing and to conduct an Auction Sale in accordance with the Bid Procedures, including this Court's approval of the form and manner of service of the Notice of Sale.

E. The Debtor has articulated good and sufficient reasons for, and the best interests of the Debtor's estate will be served by, this Court scheduling a Sale Approval Hearing to consider whether to confirm the results of the Auction Sale and the sale free and clear of any and all liens, claims and encumbrances, with such liens, if any, to attach to the net proceeds of sale in the same manner and priority that existed as of the Filing Date.

**NOW THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Terms and Conditions of Sale, attached hereto as Exhibit A, are hereby approved.

2. The Auction Sale will be conducted on **October 27, 2026,** starting at 10:00 a.m. Eastern prevailing time.

3. Following the Auction Sale, the Debtor shall submit an affirmation to confirm the results of the Auction Sale.

4. The Debtor is authorized to take any and all actions necessary or appropriate to implement the Auction Sale.

5. The Sale Approval Hearing shall be held before this Court on **October 29, 2026, at 11:00 a.m.**

6. The Sale Approval Hearing may be adjourned by the Debtor by filing a notice with this Court and serving such notice on the Notice Parties.

7. The Notice of Sale, substantially in the form annexed hereto as Exhibit B, is hereby approved. The Debtor shall serve the Notice of the Sale on the Notice Parties at least twenty-one (21) days prior to the Auction Sale and file proof of such service with the Court.

8. The Debtor and/or its Broker shall also cause notice of the Auction Sale to be published at least once in an appropriate publication pursuant to Bankruptcy Rule 2002(l).

9. The notice as set forth in the preceding paragraphs shall provide good and sufficient notice of the Auction Sale and the Sale Approval Hearing and no other or further notice of the Sale or the Sale Approval Hearing shall be necessary or required.

10. The Debtor is authorized and empowered to take such steps, incur and pay such costs and expenses, and do such things as may be reasonably necessary to fulfill the requirements established by this Order.

11. This Court shall retain jurisdiction over any matter or dispute arising from or relating to the implementation, interpretation, or enforcement of this Order.

**Dated: September 15, 2026**
**Central Islip, New York**

Louis A. Scarcella
United States Bankruptcy Judge