UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
In re: Case No.:
25-72946-las
Chapter 11

Kahn Property Owner, LLC,

Debtor.

---------------------------------------------------------X

**OPPOSITION TO DEBTOR'S MOTION OBJECTING TO**
**PROOF OF CLAIM NO. 15**

Tabone LLC ("TLLC"), by its attorneys BFSNG Law Group LLP, submits this opposition (the "Opposition") to the motion of Kahn Property Owner, LLC (the "Debtor") objecting to Proof of claim No. 15 (the "Objection"), and respectfully represents as follows:

INTRODUCTORY STATEMENT

1. To address the impending foreclosure of Oheka Castle and secure capital for the proposed development of The Residences at Oheka Castle, the Debtor entered into a consulting agreement (the "Consulting Agreement") dated April 3, 2024, effective March 26, 2024, and subsequently amended on May 19, 2024, with TLLC. Pursuant to the Consulting Agreement, TLLC was engaged to identify, evaluate, structure, and procure debt and/or equity financing in an amount of no less than fifty million ($50,000,000) dollars up to a maximum of one hundred million ($100,000,000) dollars. The engagement contemplated a broad range of financing alternatives across the real estate capital structure including structured first mortgage financing, CMBS, mezzanine financing, equity investments, debt assumption, securities transactions, hospitality partnerships, and joint ventures.[1]

[1] The stated objectives were to preempt the anticipated foreclosure and subsequent auction proceedings by the Debtor's mortgagee, Taconic Capital through its entity, 135 W. Gate Drive LLC, by satisfying the debtor's outstanding indebtedness and to provide capital to commence

2. Ultimately, TLLC was successful in procuring capital financing including mezzanine financing in the amount of approximately sixty million dollars through a venture capital firm Vanbarton Partners, LLC ("Vanbarton").

3. On July 19, 2024 the Debtor executed the Term Sheet under which Vanbarton proposed to deliver said financing (the "Financing"). Pursuant the terms of the financing agreement (the "Financing Agreement"), on July 22, 2024 the Debtor sent two wire transfers to Vanbarton as a good faith deposit in the aggregate amount of one hundred thousand ($100,000) dollars to be applied by Vanbarton to specific enumerated costs and expenses. Following execution Vanbarton advised their attorneys to begin drafting definitive transaction documents which prompted the creation of a data room and due diligence began in earnest.

4. Thereafter, Vanbarton proceeded to move forward on the Financing. However, as Vanbarton was proceeding forward, the Debtor reopened discussions with the foreclosing secured creditor to restructure its debt. At such time on May 21, 2025, Gary Melius, President of the Debtor, advised TLLC that he had determined not to proceed further with Vanbarton.

5. Shortly thereafter on July 31, 2025, the Debtor filed the instant Chapter 11 case.

6. Page 2 of the Consulting Agreement provides in pertinent part:

> "If client decides not to proceed with an agreed upon Financing after an expression of interest via term sheet, letter of intent, contract or similar such written commitment has been executed, then TLLC shall be entitled to its full fee."

7. Accordingly, TLLC filed claim No. 15 seeking the agreed fee, annexing thereto the Consulting Agreement including the subsequent addenda and the Term Sheet the Debtor entered into with Vanbarton.

---

design, regulatory approval, and construction of a luxury condominium development project on the Oheka Castle Property to be known as The Residences at Oheka Castle.

8. The Debtor's "Objection" rests entirely upon its reading of the Consulting Agreement, contending that the provision stating "TLLC shall be paid a transaction fee of $3,000,000 on closing the $60,000,000 Preferred Equity Investment from Vanbarton…" constitutes a condition precedent." Its argument is simply that because the closing did not occur, no fee is due and owing to Tabone.

9. However, existing case law makes clear that absent clear unambiguous language providing that no brokerage is payable if a closing does not occur, general language as to the timing of payment does not automatically create a condition precedent.

10. Thus, in the case of Greiner-Maltz Co. v. Kalex Chemical Products, Inc., 142 A.D. 2d 552 (2d Dept. 1988), the court found that the provision "[a]ll fees are payable in full upon closing" was ambiguous and presented a triable issue of fact.

11. Similarly, in Sopher v. Martin, 243 A.D. 2d 459 (2d Dept. 1997), the commission agreement provided that the real estate seller would pay a commission "at closing," Again, the Second Department held that this language was ambiguous and created a triable issue as to whether it was to be construed as a condition precedent.

12. However, this Court needn't determine whether in the instant case such language served as a condition precedent because of the existence of a supervening doctrine of law.

13. Here, insofar as the Debtor repudiated the Consulting Agreement, unambiguously manifesting its intention that it would not go forward to close on the Financing Agreement, then because it has caused the failure of the condition precedent (to the extent the language is deemed to be one), and because Vanbarton was ready willing and able to perform, the Debtor is liable for the agreed commission. See, Lane-Real Estate Dep't Store v. Lawlet Corp. 28 N.Y. 2d 36 (1971); CS Empire Realty, LLC v. Hussain, 150 A.D.3d 1075 (2d Dept. 2017); Dagar Group, Ltd. v. South Hills Mall, LLC, 12 A.D. 3d 552 (2d Dept. 2004); Hall Homes Realty, Inc. v. Republic of Sen., 2012 U.S. Dist. LEXIS

45689 (E.D. N.Y. 2012); Pinnacle Realty of N.Y., LLC v. 255 Butler LLC, 39 Misc. 3d 1210(A) (S.Ct Kings. Co. 2013).

14. It is submitted that in light of the Debtor's repudiation of the Financing Agreement, under applicable law it stands liable for damages under the Consulting Agreement.

15. As stated by District Court Judge Chin in Tukas Co. v. Continuum Co, 2001 U.S. Dist. LEXIS 1133, at 7. (S.D.N.Y. 2001);

> It is well settled that "if a promisor himself is the cause of the failure of performance of a condition upon which his own liability depends, he cannot take advantage of the failure." Amies v. Wesnofske, 255 N.Y. 156, 174 N.E. 436 (1931). A promisor cannot rely on a condition precedent when the promisor has caused non-performance of the condition. Id,; see also Eastern Consol. Properties, Inc. v. Adelaide Realty Corp, 261 A.D. 2d 225, 691 N.Y.S. 2d 45, 49 (1st Dep't 1999) (Rubin J. concurring); Kaplon-Belo Assoc., Inc. v. Tae Hee Kim, 145 A.D. 2d 413, 535 N.Y.S. 2d 95, 96 (2d Dept. 1988).

16. The case law is clear that a party cannot refuse to close and then contend because no closing occurred, it has no liability.

17. As set forth in the affidavit of John Tabone, managing member of TLLC, substantial efforts were expended on the Debtor's behalf to obtain requested financing. The Debtor should not be allowed to disclaim its contractual obligations when TLLC successfully completed the project for which it was retained.

18. Insofar as the only argument made by the Debtor to support its "Objection" is the failure of a condition precedent, and insofar the Debtor frustrated the occurrence of a closing to close the loans procured by TLLC, TLLC's claim should be allowed in its entirety.

19. A copy of the TLLC's Proof of Claim No. 15, with exhibits is annexed hereto as Exhibit "A."

WHEREFORE, Tabone LLC respectfully requests that the Debtor's motion be denied in its entirety.

Dated: Syosset, New York
November 9, 2026

BFSNG Law Group LLP
Attorneys for Tabone LLC

By: /s/ Robert L. Pryor
Robert L. Pryor
6851 Jericho Turnpike, Suite 250
Syosset, New York 11791
Telephone: (516) 747-1136
Email: rpryor@bfslawfirm.com